UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re:<br><br>FedNat Holding Company, *et al*[1],<br><br><br>Debtors.<br>_____<br><br>FedNat Holding Company<br><br>    Plaintiff,<br><br>v.<br><br>CHW Group, Inc.<br><br>    Defendant.<br>_____ | Case No.: 22-19451-PDR<br>Chapter 11<br>(Joint Administration Requested)<br><br><br><br><br>Adv. Proc. No.: _____<br><br><br>**COMPLAINT** |

Debtor, FedNat Holding Company ("**FNHC**" or "**Plaintiff**"), by and through by and through undersigned counsel, hereby file this Adversary Complaint against CHW Group, Inc. ("**CHW**" or "**Defendant**") and allege the following in support of the relief requested:

**PARTIES**

1. Plaintiff FNHC is a Florida-based regional insurance holding company that controls substantially all aspects of the insurance underwriting, distribution and claims processes through subsidiaries and contractual relationships with independent agents and general agents.

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each of the Debtors' federal tax identification numbers are: FedNat Holding Company (8866); FedNat Underwriters, Inc. (8533); ClaimCor, LLC (7581); Century Risk Insurance Services, Inc. (1854); and Insure-Link, Inc. (6769). The Debtors' headquarters are located at 1 East Broward, Suite 700, Fort Lauderdale, FL 33301.

FNHC's principal place of business is located at 1 East Broward, Suite 700, Fort Lauderdale, Florida 33301.

2. Defendant CHW is a New Jersey corporation with its principal place of business in Edison, New Jersey.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 & 1334.

4. The claims in this adversary proceeding are core proceedings pursuant to 28 U.S.C. § 157.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1409(a). This adversary proceeding arises in the bankruptcy case of FedNat Holding Company, *et al.*, Case No. 22-19451-PDR pending in this district. FNHC stipulates that the Court can enter a final order and judgment in this adversary proceeding.

## FACTUAL ALLEGATIONS

### General Background

6. On December 11, 2022 (the "**Petition Date**"), the Debtors commenced their bankruptcy cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code (the "**Chapter 11 Cases**"). No trustee or examiner has been appointed in the Chapter 11 Cases. The Debtors are operating their businesses as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

7. On January 9, 2023, the Office of the United States Trustee constituted and formed an official committee of unsecured creditors.

8. The history of the Debtors and the events giving rise to these Chapter 11 Cases are fully set forth in the *Declaration of Katie S. Goodman, Chief Restructuring Officer of FedNat Holding Company, In Support of Debtors' Chapter 11 Petitions and First Day Motions* [Bankruptcy Case ECF No. 14] (the "**First Day Declaration**").

### FNHC's Claim for Rental Payment Under Sub-Lease Agreement

9. This action concerns that certain Sublease Agreement by and between FNHC and CHW dated as of January 2019 (the "**Sublease Agreement**") with respect to the sublease of certain premises located at 14050 NW 14th Street, Sunrise, Florida, pursuant to that certain Lease Agreement dated July 29, 2011, as amended from time to time, by and between Sawgrass Commerce Center Property Owner, LLC, a Delaware limited liability company, as successor in interest to SVT Sawgrass Building B, LP, and FNHC.  A true and correct copy of the Sublease Agreement is attached hereto and incorporated herein by reference as **Exhibit A**.

10. On December 21, 2022, the Debtors filed their *Omnibus Motion Pursuant to Section 365(a) of the Bankruptcy Code Authorizing the Debtors to Reject Unexpired Non-Residential Real Property Leases* [Bankruptcy Case ECF No. 65] (the "**Lease Rejection Motion**"). The Lease Rejection Motion sought to reject the Sublease Agreement.

11. On January 27, 2023, this Court entered an order granting the Lease Rejection Motion [Bankruptcy Case ECF No. 136] (the "**Lease Rejection Order**").

12. Pursuant to the Lease Rejection Order, the Sublease Agreement was deemed rejected as of January 27, 2023 (the "**Rejection Date**").

13. Pursuant to section 5 of the Sublease Agreement, CHW owes FNHC certain payments currently due and owing under the Sublease Agreement through the Rejection Date.

14. Per Debtors' records, CHW owes $122,073.72 in unpaid base rent, CAM payments, and sales tax. This amount takes into consideration CHW's previous payment of $279,203 and CHW's deposit of $78,488.61 held by FNHC (the "**Outstanding Amounts Due**").

15. By letter dated March 7, 2023, FNHC sent a letter to CHW requesting payment of the Outstanding Amounts Due no later than 14 days after receipt of the demand letter (the "**Demand Letter**"). A true and correct copy of the Demand Letter is attached hereto and incorporated herein by reference as **Exhibit B**.

16. FNHC did not receive a response to the Demand Letter

## FIRST CAUSE OF ACTION
### Breach of Contract

17. Plaintiff FNHC incorporates by reference paragraphs 1 – 16 as if fully set forth herein.

18. The Sublease Agreement is an enforceable and binding contract between FNHC and CHW.

19. CHW materially breached this agreement by failing to pay FNHC in the amount of at least $122,073.72 in unpaid base rent, CAM payments, and sales tax under the Sublease Agreement when such amounts became due and payable.

20. FNHC has suffered damages as a result of this breach in an amount to be proven at trial, for damages sustained as a result of Monarch's untimely payment of fees due and owing under the agreement. Accordingly, the CHW's violation of the Sublease Agreement damaged FNHC in an amount to be proven at trial, but which is no less than $122,073.72.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff FNHC prays that this Court grant the following relief:

21. A judgment against CHW in favor of FNHC in the amount of One Hundred Twenty-Two Thousand Seventy-Three and 72/100 ($122,073.72.) Dollars together with interest as provided by law;

22. An order awarding Plaintiff its attorney's fees and costs incurred herein; and

23. An order awarding Plaintiff such additional relief as this Court deems just and equitable.

Dated: May 9, 2023

Respectfully submitted,

/s/ Shane G. Ramsey
Shane G. Ramsey
Florida Bar No.: 0026842
shane.ramsey@nelsonmullins.com
NELSON MULLINS RILEY & SCARBOROUGH LLP
100 S.E. 3rd Avenue, Suite 2700
Ft. Lauderdale, FL 33394
Telephone: (954) 764-7060
Facsimile: (954) 761-8135

NELSON MULLINS RILEY & SCARBOROUGH LLP
150 Fourth Avenue, North, Suite 1100
Nashville, TN 37219
Phone: (615) 664-5300
Facsimile: (615) 664-5399

John T. Baxter
*Admitted Pro Hac Vice*
john.baxter@nelsonmullins.com
NELSON MULLINS RILEY & SCARBOROUGH LLP
150 Fourth Avenue, North, Suite 1100
Nashville, TN 37219
Phone: (615) 664-5300
Facsimile: (615) 664-5399

and

B. Keith Poston
*Admitted Pro Hac Vice*
keith.poston@nelsonmullins.com
NELSON MULLINS RILEY & SCARBOROUGH LLP
1320 Main Street, 17th Floor

5

Post Office Box 11070 (29211-1070)
Columbia, SC 29201
Telephone: (803) 799-2000
Facsimile: (803) 256-7500
*Counsel for the Debtors and Debtors-in-Possession*